IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JENNIFER ROBIN CARTER,

        Plaintiff,

v.                                                                                                  No. 1:25-cv-00638-KRS[1]

JONATHAN ABEITA, *et al.*,

        Defendants.

## ORDER TO SHOW CAUSE
## AND NOTICE REGARDING CASE MANAGEMENT

*Pro se* Plaintiff Jennifer Carter ("Plaintiff") filed a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, on July 3, 2025 ("Complaint"). (Doc. 1). This case arises from, among other things, Plaintiff being charged with traffic violations. *See* (Doc. 3) (Aff.). Plaintiff then filed an Amended Complaint and three additional Affidavits. *See* (Docs. 8-10) (Affs.), (Doc. 11) (First Am. Compl.). Plaintiff subsequently filed a Second Amended Complaint and three more Affidavits. *See* (Docs. 12-14) (Affs.), (Doc. 15) (Second Am. Compl.).[2]

**I.    ORDER TO SHOW CAUSE**

As discussed below, Plaintiff must become familiar with and comply with the Federal and Local Rules of Civil Procedure. Plaintiff has violated Rule 15 of the Federal Rules of Civil Procedure by filing the Second Amended Complaint, (doc. 15), without first obtaining the Court's

---

[1] The Clerk's Office assigned the undersigned to this case for review pursuant to 28 U.S.C. § 1915 which allows the Court to authorize commencement of a case without prepayment of the filing fee. *See* (Doc. 5). Plaintiff has paid the filing fee. *See* (Doc. 6). The undersigned has reviewed the Complaint pursuant to the Court's inherent power to manage its docket. *See Secs. & Exch. Comm'n v. Mgmt. Solutions, Inc.*, 824 Fed.Appx. 550, 553 (10th Cir. 2020) ("a district court has the inherent power 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases'") (quoting *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891-92 (2016)).

[2] Hereinafter, the First Amended Complaint and the Second Amended Complaint will be referred to collectively as the "Amended Complaints."

leave. *See* Fed. R. Civ. P. 15(a) ("A party may amend its pleading once as a matter of course . . . In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave"). Plaintiff has also filed seven (7) affidavits. *See* (Docs. 3, 8-10, 12-14). It is not clear that those affidavits are warranted by any Rules of Civil Procedure or any other reason at this point in the case. Every document that Plaintiff files must state in the first paragraph the reason Plaintiff is filing that document and cite authority supporting the filing of the document. *See* D.N.M.LR-Civ. 7.1 ("A motion must be in writing and state with particularity the grounds and the relief sought."); D.N.M.LR-Civ. 7.3 ("A motion, response or reply must cite authority in support of the legal positions advanced."); *see also* D.N.M.LR-Civ. 10.2 ("[t]he title of a document must clearly identify its substance . . . ."); Fed. R. Civ. P. 10(b) ("[a] party must state its claims or defenses in numbered paragraphs . . . .").

The Court has identified some deficiencies in the Complaint and Amended Complaints, described below, and orders Plaintiff to show cause why the Court should not dismiss claims based on those deficiencies. *See Lowrey v. Sandoval Cnty. Children Youth & Fams. Dep't*, No. 23-2035, 2023 WL 4560223, at *2 (10th Cir. July 17, 2023) ("Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a)). If Plaintiff asserts any claims should not be dismissed, Plaintiff must file a third amended complaint.

First, as the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388, at *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty

2

to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck* v. *United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir. 1988)).

Plaintiff has not shown that the Court has jurisdiction over her claims against the State of New Mexico, Belen Magistrate Court, Bernalillo County Metropolitan Court, Los Lunas Magistrate Court, and Valencia County District Court (collectively, "Court Defendants") which are arms of the State of New Mexico.

> Generally, states and their agencies are protected from suit by sovereign immunity, as guaranteed by the Eleventh Amendment. "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trs. of Univ. of Ala. v. Garrett,* 531 U.S. 356, 363, 121 S. Ct. 955, 148 L.Ed.2d 866 (2001). However, there are three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to states:
>
> > First, a state may consent to suit in federal court. Second, Congress may abrogate a state's sovereign immunity by appropriate legislation when it acts under Section 5 of the Fourteenth Amendment. Finally, under *Ex parte Young,* 209 U.S. 123, 28 S. Ct. 441, 52 L.Ed. 714 (1908), a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief.
>
> *Muscogee (Creek) Nation v. Pruitt,* 669 F.3d 1159, 1166 (10th Cir. 2012) (internal citations omitted and altered).

*Levy v. Kansas Dep't. of Soc. & Rehab. Servs.*, 789 F.3d 1164, 1169 (10th Cir. 2015); *Turner v. Nat'l Council of State Bds. of Nursing, Inc.*, 561 Fed.Appx. 661, 665 (10th Cir. 2014) ("[Eleventh Amendment] immunity extends to arms of the state") (citing *Peterson v. Martinez,* 707 F.3d 1197, 1205 (10th Cir. 2013). There are no factual allegations showing that any of the three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to states apply to Plaintiff's claims against the State of New Mexico and the Court Defendants.

Second, Plaintiff has also not shown that the Court has jurisdiction over her claims against the Pueblo of Isleta and its officials.

3

> "Indian tribes are domestic dependent nations that exercise inherent sovereign authority over their members and territories." *Fletcher v. United States*, 116 F.3d 1315, 1324 (10th Cir. 1997) (internal quotation marks omitted). "[S]uits against tribes are barred in the absence of an unequivocally expressed waiver by the tribe or abrogation by Congress." *Id*. "Tribal sovereign immunity is immunity from suit in federal court." *Id*. at 1326. And a tribe's immunity extends to tribal officials sued in their official capacities. *Id*. at 1324.

*Clark v. Haaland*, No. 22-2141, 2024 WL 4763759, at *6 (10th Cir. Nov. 13, 2024). Plaintiff has not cited any waiver of immunity by the Pueblo of Isleta or any express authorization by Congress that would allow this Court to entertain Plaintiff's claims against the Pueblo of Isleta and its officials.

Third, Plaintiff's Amended Complaints do not properly identify defendants in this case nor do they demonstrate whether Plaintiff has plausible claims against each defendant. Plaintiff's Amended Complaint, (doc. 11), states it is the "same as original filing," adds a handful of defendants, and in support of her claims states "see Affidavits."[3] (Doc. 11) at 1-2. Similarly, Plaintiff's Second Amended Complaint identifies new defendants and cites an "Affidavit" or "Affidavit of Truth" in support of her claims.[4] *See* (Doc. 15). Plaintiff's Amended Complaints are insufficient because they do not state claims against Defendants named in the original Complaint.[5] *See* (Doc. 1) at 1-5. "An amended complaint supersedes the original complaint and renders the original complaint of no legal effect." *Franklin v. Kansas Dept. of Corrs.*, 160 Fed.Appx. 730, 734

---

[3] The newly identified defendants in the First Amended Complaint are: Pueblo of Isleta Government, Valencia County Government, Bernalillo County Government, City of Albuquerque Government, Village of Los Lunas Government, City of Rio Rancho Government, Governing Body of the State of New Mexico, Victor Rodriguez, Timothy Zuni, Arnold Chavez, and Jeffrey Tenorio. *See* (Doc. 11) at 1, 3-4.

[4] In the Second Amended Complaint, Plaintiff lists the following defendants: Heather Jordan, Michelle Lujan Grisham, G. Bryan Thomas, Rishi Sikka, and Sheriff John Allen. *See* (Doc. 15) at 1-3.

[5] The following defendants are named in the original Complaint, (doc. 1), but not identified in the Amended Complaints, (docs. 11, 15): Jonathan Abeita, Sharon Mitamura, Joseph Lucero, Virgil Lucero, Howard Shayla, AJ Baxter (Police Officer), Briana Tower, "Officer Tenorio," Orlena Hooee, A.J. Baxter (Animal Control Officer), Belen Magistrate Court, Bern Co. Metro Court, Los Lunas Magistrate Court, Albuquerque City Council, Bosque Farms P.D., and Valencia County District Court. *See* (Doc. 1) at 1-5.

(10th Cir. 2005) (citing *Miller v. Glanz,* 948 F.2d 1562, 1565 (10th Cir. 1991)). Also, Plaintiff's reference to the seven (7) Affidavits does not remedy the lack of factual allegations in the Amended Complaints. A complaint must "allege facts from which we may reasonably infer Defendant's liability" *Brooks v. Mentor Worldwide L.L.C.*, 985 F.3d 1272, 1281 (10th Cir. 2021). When determining whether a plaintiff has stated a plausible claim, the Court reviews the factual allegations in the complaint. *See Howl v. Alvarado*, 783 Fed.Appx. 815, 817-18 (10th Cir. 2019) ("Dismissal under Rule 12(b)(6) is appropriate only if *the complaint*, viewed in the light most favorable to plaintiff, lacks enough facts to state a claim to relief that is plausible on its face") (emphasis added) (quoting *United States ex rel. Reed v. KeyPoint Gov't Solutions*, 923 F.3d 729, 764 (10th Cir. 2019)). Furthermore, Rule 8 of the Federal Rules of Civil Procedure requires that defendants admit or deny the allegations asserted against them in a complaint. *See* Fed. R. Civ. P. 8(b). Defendants are not required to address various affidavits.

Fourth, the Second Amended Complaint adds G. Bryant Thomas ("Defendant Thomas") as a defendant and indicates Defendant Thomas resides in Danville, Illinois. The Complaint does not contain factual allegations showing that the Court has personal jurisdiction over nonresident Defendant Thomas. *See Dental Dynamics, L.L.C. v. Jolly Dental Grp., L.L.C.*, 946 F.3d 1223, 1228 (10th Cir. 2020) (plaintiff bears burden of establishing personal jurisdiction).

The Court orders Plaintiff to show cause why the Court should not dismiss some or all of her claims for the reasons stated above. If Plaintiff asserts the Court should not dismiss those claims, Plaintiff must file a third amended complaint titled, "Third Amended Complaint," and comply with the Federal and Local Rules of Civil Procedure. *See* D.N.M.LR-Civ. 10.2 ("The title of a document must clearly identify its substance"); Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs"). Plaintiff is reminded that "to state a claim in federal

court, a complaint must explain what *each* defendant did to him or her; when [*each*] defendant did it; how [*each*] defendant's action harmed him or her; and, what specific legal right the plaintiff believes [*each*] defendant violated."). *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007) (emphasis added).

## II. NOTICE OF CASE MANAGEMENT

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: https://www.nmd.uscourts.gov/representing-yourself-pro-se.

Plaintiff has an obligation to prosecute this case and comply with Court Orders, the Federal Rules of Civil Procedure, and the Local Rules. Failure to do so interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

The Court also reminds Plaintiff of her obligation to serve Defendants. *See* Fed. R. Civ. P. 4(c)(1) ("The plaintiff is responsible for having the summons and complaint served

within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service"). Failure to timely serve Defendants may result in dismissal of Plaintiff's claims. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time").

### III.   COMPLIANCE WITH RULE 11

The Court further reminds Plaintiff of her obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

### IV.   CONCLUSION

Plaintiff's Second Amended Complaint was filed in violation of Rule 15(a). The Court, thus, has authority to dismiss the Second Amended Complaint. Further, the Second Amended Complaint contains deficiencies that potentially warrant dismissal of some or all claims. Plaintiff is thus hereby ordered to show cause why the Court should not dismiss some or all of her claims. Alternatively, Plaintiff may file a third amended complaint in compliance with the Federal and Local Rules of Civil Procedure.

**IT IS THEREFORE ORDERED** that Plaintiff shall, within 21 days of entry of this Order, either: (1) show cause why the Court should not dismiss Plaintiff's claims for the reasons stated above; or (ii) file a third amended complaint. Failure to timely show cause or file a third amended compliant may result in dismissal of this case.

**IT IS SO ORDERED.**

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE