IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JENNIFER ROBIN CARTER,

        Plaintiff,

v.   No. 1:25-cv-00638-KRS[1]

JONATHAN ABEITA, *et al.*,

        Defendants.

## ORDER STRIKING RESPONSE AND SECORD ORDER TO SHOW CAUSE AND NOTICE REGARDING SANCTIONABLE CONDUCT

**THIS MATTER** comes before the Court *sua sponte* upon review of *pro se* Plaintiff Jennifer Carter's ("Plaintiff") Response to Order to Show Cause ("Response"), (Doc. 17), filed on August 4, 2025. As discussed *infra* § II, the Court hereby STRIKES Plaintiff's Response (Doc. 17). Plaintiff's response to this Order is due **August 28, 2025**. As addressed in § III, Plaintiff is on notice that her continuing non-compliance with this Court's Orders, the Federal Rules of Civil Procedure, and the Local Rules may result in sanctions, including dismissal of this case with prejudice.

**I.   BACKGROUND**

On July 3, 2025, Plaintiff filed a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 ("Complaint"). (Doc. 1). This case arises from, among other things, Plaintiff being charged with traffic violations. *See* (Doc. 3) (Aff.). Plaintiff then filed an Amended Complaint and three

---

[1] The Clerk's Office assigned the undersigned to this case for review pursuant to 28 U.S.C. § 1915 which allows the Court to authorize commencement of a case without prepayment of the filing fee. *See* (Doc. 5). Plaintiff has paid the filing fee. *See* (Doc. 6). The undersigned has reviewed the Complaint pursuant to the Court's inherent power to manage its docket. *See Secs. & Exch. Comm'n v. Mgmt. Solutions, Inc.*, 824 Fed.Appx. 550, 553 (10th Cir. 2020) ("a district court has the inherent power 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases'") (quoting *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891-92 (2016)).

additional Affidavits. *See* (Docs. 8-10) (Affs.), (Doc. 11) (First Am. Compl.). Plaintiff subsequently filed a Second Amended Complaint and three more Affidavits. *See* (Docs. 12-14) (Affs.), (Doc. 15) (Second Am. Compl.).[2]

On July 23, 2025, this Court entered an Order to Show Cause as to why the Court should not dismiss Plaintiff's claims considering numerous deficiencies in the Complaint and Amended Complaints. (Doc. 16) at 1-6. The Court also reminded Plaintiff of her obligation to comply with the Federal Rules of Civil Procedures, Local Rules, and to timely serve Defendants. *Id.* at 6-8. The Court warned Plaintiff that failure to follow the Court's Order to Show Cause may result in the dismissal of her case. *Id.* Plaintiff was ordered to respond by August 20, 2025. *Id.* at 8.

## II. PLAINTIFF'S RESPONSE

On August 4, 2025, Plaintiff filed the Response. (Doc. 17). Plaintiff's Response is 13-pages, which includes a variety of improper questions directed to the Court. *Id.* at 2-13. Plaintiff also attached 84-pages of "exhibits." *Id.* at 14-97.

A Court may strike a filing as a sanction for failing to comply with a court order. Fed. R. Civ. P. 16(f)(1)(C); Fed. R. Civ. P. 37(b)(2)(A)(iii). "Both Rule 16(f) and Rule 37(b)(2) require the court to keep considerations of justice in mind when imposing sanctions for rule violations. The two rules provide a list of potential options for the court's consideration, including costs and fee shifting, but ultimately leave it to the court's discretion to 'make such orders . . . as are just.'" *Olcott v. Del. Flood Co.*, 76 F.3d 1538, 1555 (10th Cir. 1996) (citations omitted).

Here, Plaintiff's Response fails to comply with the Court's July 23, 2025, Order to Show Cause, (Doc. 16). Plaintiff was ordered to either (1) show cause why the Court should not dismiss

---

[2] Hereinafter, the First Amended Complaint and the Second Amended Complaint will be referred to collectively as the "Amended Complaints."

Plaintiff's claims for the reasons stated in the Order to Show Cause, (Doc. 16); or (2) file a third amended complaint. Plaintiff did neither.

Accordingly, the Court hereby strikes Plaintiff's Response, (Doc. 17), for failure to comply with the Court's Order to Show Cause, (Doc. 16). *See* Fed. R. Civ. P. 16(f)(1)(C); Fed. R. Civ. P. 37(b)(2)(A)(iii). In the interests of justice and considering Plaintiff's *pro se* status, Plaintiff is ordered to, within 21 days of entry of this Order, either: (1) show cause why the Court should not dismiss Plaintiff's claims for the reasons stated above; or (ii) file a third amended complaint. See *Olcott*, 76 F.3d at 1555.

## III.     SECOND NOTICE REGARDING SANCTIONABLE CONDUCT

Plaintiff has an obligation to prosecute this case and comply with Court Orders, the Federal Rules of Civil Procedure, and the Local Rules. Failure to do so interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

The Court also reminds Plaintiff of her obligation to serve Defendants. *See* Fed. R. Civ. P. 4(c)(1) ("The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service"). Failure to timely serve Defendants may result in dismissal of Plaintiff's claims. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed

the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time"). As of the date of this Order, Defendants have not been served.

## IV. CONCLUSION

Plaintiff's Second Amended Complaint was filed in violation of Rule 15(a). The Court, thus, has authority to dismiss the Second Amended Complaint. Further, the Second Amended Complaint contains deficiencies that potentially warrant dismissal of some or all claims. Plaintiff is thus hereby ordered to show cause why the Court should not dismiss some or all of her claims. Alternatively, Plaintiff may file a third amended complaint in compliance with the Federal and Local Rules of Civil Procedure.

**IT IS THEREFORE ORDERED** that Plaintiff shall, on or before **August 28, 2025,** either: (1) show cause why the Court should not dismiss Plaintiff's claims for the reasons stated above and in the Court's July 23, 2025, Order to Show Cause, (Doc. 16); or (ii) file a third amended complaint. Failure to timely show cause or file a third amended compliant may result in dismissal of this case. The Clerk is directed to strike Plaintiff's Response to Order to Show Cause, (Doc. 17).

**IT IS SO ORDERED.**

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE